United States District Court
Southern District of Texas
ENTERED
September 02, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Fred King, et al., | § | |
| *Plaintiffs*, | § | |
| v. | § | Civil Action No. 4:25-cv-00671 |
| Meritage Homes of Texas, LLC, | § | |
| *Defendant/Third-Party Plaintiff,* | § | |
| v. | § | |
| Storm Water Solutions, LLC, et al., *Third-Party Defendants*. | § | |

**MEMORANDUM AND ORDER**

Third-Party Defendants Colin Edwards Texas Tornado Boot Camp, LLC; 17700 Mail Route, LLC; and Colin Edwards (collectively, "Edwards Defendants") filed a motion to dismiss Defendant/Third-Party Plaintiff Meritage Homes of Texas, LLC's claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 72. Meritage then moved for leave to amend its third-party complaint. Dkt. 77. Because neither Edwards Defendants nor any other party responded to the motion for leave, that motion is deemed unopposed. *See* S.D. Tex. L.R. 7.4.

After carefully reviewing both motions, Meritage's response to the motion to dismiss, Dkt. 78, Edwards Defendants' reply, Dkt. 82, the pleadings, and the applicable law, this Court grants Meritage's motion for leave to amend (Dkt. 77) and grants in part and denies in part Edwards Defendants' motion to dismiss (Dkt. 72).

## Background

### I. Factual background

The following facts from Plaintiffs' second amended complaint (Dkt. 87) and Meritage's proposed amended third-party complaint (Dkt. 77-1) are taken as true. Plaintiffs reside and own properties in the Blue Heron Bay community. Dkt. 87 at 6. The community sits on the shores of Blue Heron Bay Cove near Lake Conroe in Montgomery County, Texas. Dkt. 87 at 6.

In 2020, Meritage began building a residential project called Pine Lake Cove next to Blue Heron Bay. Dkt. 87 at 7. Plaintiffs allege that Blue Heron Bay Cove "was pristine" before Meritage's project began. *Id.* at 8. Since then, however, sediment, debris, and trash have flowed into Blue Heron Bay, damaging the cove and lowering the value of Plaintiffs' properties. Dkt. 87 at 12. Plaintiffs contend that that damage resulted from Meritage's failure to "adequately install, maintain, and monitor the required and necessary stormwater, pollution and erosion control measures …." *Id.* at 9.

Colin Edwards Texas Tornado Boot Camp, LLC (the "Boot Camp") is a motorcycle riding and training facility located upstream (just south) of Blue Heron Bay Cove and on the west bank of Martin Creek. Dkt. 77-1 at 4, 8. According to Meritage, "[r]unoff from the Boot Camp generally drains easterly towards Martin Creek, which then drains northward towards the Luminaire [Pond]" and into Blue Heron Bay Cove. *Id.* at 9-11. The alleged flow of the runoff from the Boot Camp to Blue Heron Bay Cove is depicted below.




*Id.* at 10.

Meritage alleges that the Boot Camp's "lack of a detention pond or erosion control measures … caused or contributed to a significant amount of sediment, through water runoff and soil erosion from the racing tracks, to be carried downstream into [Blue Heron Bay] Cove." Dkt. 77-1 at 12. 17700 Mail Route, LLC owns the land on which the Boot Camp operates. *Id.* at 4. Colin Edwards owns both the Boot Camp and 17700 Mail Route. *Id.*

## II. Procedural background

Plaintiffs sued Meritage in state court on January 10, 2025. Dkt. 1-4 at 5-35 (original petition). Meritage removed the suit to this Court. Dkt. 1 (notice of removal). Since then, Plaintiffs have amended their complaint twice. *See* Dkt. 57 (first amended complaint); Dkt. 87 (second amended complaint).

Meritage filed a third-party complaint against Edwards Defendants; Storm Water Solutions, LLC; Clay Road 628 Development, L.P.; and Perry Senn. Dkt. 59.[1] Against Edwards Defendants, Meritage asserted indemnity, contribution, and declaratory relief claims. *See id.* at 19-20.

On February 20, 2026, Edwards Defendants filed a motion to dismiss the third-party claims against them under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 72. Meritage responded, Dkt. 78, and Edwards Defendants replied, Dkt. 82. Separately, Meritage filed a motion for leave to amend its third-party

[1] All claims against Clay Road 628 Development, L.P. and Perry Senn have been dismissed. Dkt. 89.

complaint, Dkt. 77. Its proposed pleading (1) eliminates the indemnity and declaratory relief claims against Edwards Defendants, (2) "clarifies" Meritage's allegations, and (3) removes Senn as a third-party defendant. *See* Dkt. 77 at 5; *see also* Dkt. 77-1 (proposed pleading). One third-party defendant—not any of Edwards Defendants—indicated that it opposed Meritage's request for leave to amend, *see* Dkt. 77 at 21, but no one filed a response. Both motions are ripe for resolution.

## **Analysis**

Meritage is entitled to amend its third-party complaint, which continues to assert a contribution claim against Edwards Defendants. That claim alleges the Boot Camp's acts and omissions contributed to the sedimentation build up in Blue Heron Bay Cove that underlies Plaintiffs' suit. Contrary to Edwards Defendants' contentions, settled law confirms that this Court has subject matter jurisdiction to review the contribution claim. And Meritage's allegations state a plausible basis for relief against the Boot Camp. But Meritage's lack of factual allegations supporting its alter ego theory merits dismissing its claims against 17700 Mail Route, LLC and Colin Edwards.

### **I. Meritage is granted leave to amend its third-party complaint.**

On March 10, 2026, Meritage filed a motion for leave to amend its third-party complaint. Dkt. 77. According to the certificate of conference, only Third-Party Defendant Storm Water Solutions, LLC opposed the motion. *Id.*

at 21. Nevertheless, the motion is deemed unopposed because no party filed a response. *See* S.D. Tex. L.R. 7.4.

Because Meritage seeks leave to amend after the July 14, 2025 deadline expired, *see* Dkt. 17 (scheduling order), it must show good cause for doing so. *See* Fed. R. Civ. P. 16(b); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) ("Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired."). The good cause standard "requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Fahim*, 551 F.3d at 348 (quoting *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). Several factors are relevant: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).

Those factors support a good cause finding. First, Meritage explains that recent discovery clarified the relationships between the third-party defendants and their potential role in causing or contributing to Plaintiffs' injuries. *See* Dkt. 77 at 8-13. Second, amendment is important because it removes claims that Meritage no longer wishes to assert. *See id.* at 13-16; *see also, e.g., Le-Vel Brands, LLC v. DMS Natural Health, LLC*, 2022 WL 949952, at *3 (E.D. Tex.

Mar. 28, 2022) (amendment to remove certain claims would avoid wasting court and party resources). Third, nothing indicates that granting leave to amend would prejudice any party.

Having found good cause, this Court applies Rule 15(a)'s standard, *see Fahim*, 551 F.3d at 348, which "evinces a bias in favor of granting leave to amend," *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quotation omitted). Courts examine several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

All factors support granting leave to amend. Meritage has not unduly delayed its request, acted in bad faith, nor repeatedly failed to rectify pleading deficiencies. And no party asserts—nor does the record suggest—that amendment would be unduly prejudicial or futile. Meritage is entitled to amend its pleading.

## II. <u>Meritage has adequately pleaded some, but not all, its third-party claims against Edwards Defendants.</u>

Because Meritage's request for leave to amend is hereby granted, this Court measures Edwards Defendants' motion to dismiss against the amended pleading. Indeed, Edwards Defendants contend that their arguments for dismissal apply equally to Meritage's amended pleading. *See* Dkt. 82 at 3-4.

For the reasons below, all arguments for dismissal of the indemnity and declaratory judgment claims—which Meritage abandoned—are moot. Regarding the contribution claim, Edwards Defendants' jurisdictional challenges are meritless, and Meritage has plausibly stated a basis for contribution against the Boot Camp. But the Court agrees with Edwards Defendants that Meritage's alter ego allegations against 17700 Mail Route and Colin Edwards do not survive dismissal.

### A. The amended pleading does not moot all arguments for dismissal.

Meritage contends that the amended third-party complaint moots Edwards Defendants' motion to dismiss. *See* Dkt. 78 at 3. As Edwards Defendants argue, however, *see* Dkt. 82 at 3, that is not true with respect to Meritage's contribution claim.

"It is well-settled in the Fifth Circuit that an amended complaint supersedes the original complaint, and the original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint." *See Freilich v. Green Energy Res., Inc.*, 297 F.R.D. 277, 282 (W.D. Tex. 2014) (citing *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996)). Accordingly, "[t]he filing of an amended complaint generally renders pending motions moot." *Stredwick v. Dall. Margarita Soc'y, Inc.*, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) (collecting cases); *see Ready Aim Flyer, LLC v. Aviat*

*Aircraft, Inc.*, 2016 WL 4376612, at *2 (S.D. Tex. Aug. 16, 2016) (discussing split amongst district courts regarding whether motions to dismiss are automatically mooted by amendment). "[W]hen a plaintiff amends the complaint while a motion to dismiss is pending, the court has discretion to deny the motion as moot or consider the merits of the motion in light of the amended complaint." *Howard v. John Moore, L.P.*, 2014 WL 5090626, at *1 n.1 (S.D. Tex. Oct. 9, 2014); *see also Bell v. Moawad Grp., LLC*, 2017 WL 2841679, at *2 n.1 (W.D. Tex. June 30, 2017) (noting court's discretion).

Most obviously, Meritage's deletion of its indemnity and declaratory relief claims from the amended pleading moots Edwards Defendants' challenges to those claims. *Compare* Dkt. 59 at 19-21, *with* Dkt. 77-1. But Meritage's amended complaint continues to assert a contribution claim. *See* Dkt. 77-1 at 20. And aside from some minor additions and factual clarifications, the allegations remain largely unchanged. Edwards Defendants' challenges to the contribution claim thus apply equally to the amended pleading and will be addressed accordingly. *See Ready Aim Flyer*, 2016 WL 4376612, at *2 (considering motion to dismiss "as though it were in response to amended complaint" because the arguments remain relevant).

### B. This Court has jurisdiction over Meritage's contribution claim.

Invoking Fed. R. Civ. P. 12(b)(1), Edwards Defendants contend that Meritage lacks standing to seek contribution and that its claim is unripe for resolution. *See* Dkt. 72 at 10-18. Their arguments misconstrue the basics of third-party pleading practice and are rejected herein.

#### 1. Rule 12(b)(1) standard

Because standing and ripeness concern the Court's subject matter jurisdiction, those arguments are properly evaluated under Fed. R. Civ. P. 12(b)(1). *See, e.g., Bee Inspired, LLC v. Isabell*, 2026 WL 479596, at *2 (S.D. Tex. Feb. 20, 2026) ("[S]tanding and ripeness are essential components of federal subject-matter jurisdiction and are challenged under Rule 12(b)(1)." (quotation omitted)). "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's

resolution of the disputed facts." *Id.* at 287. As the third-party plaintiff, Meritage bears the burden to establish that jurisdiction exists. *See id.* at 286.

2. Third-party practice authorizes Meritage to raise a contribution claim now.

Edwards Defendants base their jurisdictional challenge on the notion that Meritage has not yet suffered an injury and that the contribution claim will not be ripe unless and until Meritage is found liable to Plaintiffs. *See* Dkt. 72 at 14-15. Just as Meritage observes, however, Dkt. 78 at 4-6, Edwards Defendants' position conflicts with settled law governing third-party claims.

Rule 14 authorizes a defendant to bring into a suit any person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). The purpose of this rule "is to promote judicial economy by eliminating circuity of action." *Baylor Univ. Med. Ctr. v. Epoch Grp., L.C.*, 2005 WL 2124126, at *3 (N.D. Tex. Sept. 1, 2005). "Accordingly, Rule 12(b)(1) challenges to a court's subject matter jurisdiction over third-party claims will generally be unsuccessful since such proceedings have been considered ancillary to the main action and therefore do not require independent subject matter jurisdiction." *Id.* (citing 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1455 at 434 (2d ed. 1990)). Put another way, a federal court properly exercises supplemental jurisdiction over a third-party claim so long

as it asserts that "the third-party defendant is or may be liable to the defendant for all or part of the plaintiff's recovery, or the defendant attempts to pass on to the third party all or part of the liability asserted against the defendant." *Id.*; *see also* 28 U.S.C. § 1367(a) (authorizing "supplemental jurisdiction over all other claims that are so related to claims in the action" over which the court has original jurisdiction "that they form part of the same case or controversy").

Edwards Defendants' contentions falter against that framework. Their focus on whether Meritage has sustained an injury misses the point of Rule 14. *See* Dkt. 72 at 14. Rule 14 explicitly contemplates that a third-party defendant's potential liability will be "contingent upon the outcome of the [plaintiff's] original claim." *Mitchell v. Hood*, 614 F. App'x 137, 140 (5th Cir. 2015) (per curiam) (citing *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967)); *see* Fed. R. Civ. P. 14 (authorizing third-party claims against a non-party who "*may be liable*" to the defendant if the latter is found liable to the plaintiff (emphasis added)). That is why "third-party practice under Rule 14 does not require imminent injury." *Baylor Univ. Med. Ctr.*, 2005 WL 2124126, at *4 (citing *Travelers Ins. Co. v. Busy Elec. Co.*, 294 F.2d 139, 145 (5th Cir. 1961)).

Edwards Defendants' ripeness challenge, which complains that Meritage's contribution claim rests on contingent future events, is equally flawed. *See* Dkt. 72 at 15. As Meritage observes, "Rule 14 was designed to

avoid precisely what Edwards proposes—forcing a defendant to wait until after judgment to pursue contribution in a separate action." Dkt. 78 at 2.

By design, Rule 14 maximizes judicial economy by "expedit[ing] the resolution of secondary actions arising out of or in consequence of the action originally instituted." *Baylor Univ. Med. Ctr.*, 2005 WL 2124126, at *3 (quotation omitted). Far from requiring a defendant to wait until the original claims are resolved, Rule 14 *requires* a defendant to bring third-party claims at the outset of the case—within 14 days of filing an answer, to implead third parties as of right. *See* Fed. R. Civ. P. 14(a)(1); *see also Talisman Cas. Ins. Co. v. Bro-Tex Int'l Metals, LLC*, 2021 WL 8694117, at *3 (E.D. Tex. Nov. 18, 2021) (rejecting similar ripeness argument because allowing a contribution claim to be brought only after the defendant is found liable would make it "impossible to file a third-party claim as of right").

Moreover, Texas law governing contribution claims likewise authorizes a defendant to bring the claim "in the claimant's action"—rather than in separate suit after the claimant's case is resolved. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.016(b). That is because a statutory contribution claim is premised on the *potential* that a defendant/third-party plaintiff be found liable. *See id.* § 33.016(a) (defining "contribution defendant" as a party "from whom any party seeks contribution with respect to any portion of damages for which that party *may* be liable" (emphasis added)).

There is no valid basis to challenge this Court's jurisdiction over Meritage's third-party contribution claim. Edwards Defendants' Rule 12(b)(1) motion is denied.

### C. Meritage stated a contribution claim against the Boot Camp, but not 17700 Mail Route or Colin Edwards.

Alternatively, Edwards Defendants contend that the third-party claims should be dismissed under Rule 12(b)(6). That request is denied as to the Boot Camp but granted as to 17700 Mail Route, LLC and Colin Edwards.

#### 1. Rule 12(b)(6) standard

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will

reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (footnotes omitted) (analyzing *Twombly*, 550 U.S. at 555-56). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quotation omitted).

2. <u>Meritage adequately pleaded its contribution claim against the Boot Camp.</u>

When challenging the contribution claim, Edwards Defendants maintain that Meritage has not properly pleaded a duty of care to Meritage nor that Edwards Defendants caused or contributed to Plaintiffs' injury. *See* Dkt. 72 at 22-23; *see also* Dkt. 82 at 4. But Meritage's third-party contribution claim satisfied pleading requirements, at least against the Boot Camp.

"Third-party complaints are subject to the pleading requirements of Rule 8 …." *Baylor Univ. Med. Ctr.*, 2005 WL 2124126, at *5 (reviewing third-party defendant's Rule 12(b)(6) motion). The pleading "must indicate that the third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the defendant." *Id.*; *see also, e.g., Mitchell*, 614 F. App'x at 140. To be valid, a third-party complaint must reflect that the "defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Briones v. Smith Dairy Queens,*

*Ltd.*, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) (quoting *Anadarko Petroleum Corp. v. Great Plains Gas Compression, Inc.*, 2007 WL 38327, at *1 (S.D. Tex. Jan. 4, 2007)). Accordingly, impleader is proper under Rule 14 when the basis of the third-party claim is contribution. *Martco Ltd. P'ship. v. Bruks Inc.*, 430 F. App'x 332, 334 (5th Cir. 2011) (per curiam).

Chapter 33 of the Texas Civil Practice and Remedies Code provides defendants with the right to seek contribution against a third party "with respect to any portion of damages for which that party may be liable." *See Holloman Corp. v. N2 Sols. LLC*, 2022 WL 2277508, at *2 (S.D. Tex. June 24, 2022) (citing Tex. Civ. Prac. & Rem. Code § 33.016(a)). A contribution claim is viable if a plaintiff could have—but did not—bring any of their original claims against the third-party defendant. *See Samsung Elecs. Am., Inc. v. Chung*, 2018 WL 1532383, at *6 (N.D. Tex. Mar. 29, 2018) (citing *CBI NA-CON, Inc. v. UOP Inc.*, 961 S.W.2d 336, 339 (Tex. App.—Houston [1st Dist.] 1997, pet. denied)). Applied to this context, the issue is whether Edwards Defendants "have some real or potential liability in damages to the plaintiff"—not a duty of care toward Meritage. *See CBI NA-CON, Inc.*, 961 S.W.2d at 339 (citing Tex. Civ. Prac. & Rem. Code Ann. § 33.016(a)); *see also Samsung*, 2018 WL 1532383, at *6 (denying motion to dismiss where the third-party complaint alleged facts indicating that plaintiff could have brought a claim against the third-party defendant). That standard is met here.

Plaintiffs base their claims against Meritage on the theory that runoff from Meritage's development caused sediment buildup in Blue Heron Bay Cove. *See* Dkt. 87 at 12. Meritage asserts that Plaintiffs could have brought those same tort claims against Edwards Defendants because the Boot Camp also caused or contributed to the sediment build up. *See* Dkt. 77-1 at 9-12. For instance, Meritage alleges that the Boot Camp's operation for 20 years without a detention pond or other anti-erosion controls caused water runoff and soil to flow downstream from the race track to the cove. *See id.* at 10-12.

Edwards Defendants counter that photographs attached to the pleading negate Meritage's causation theory due to wooded areas and other physical barriers between the Boot Camp and Plaintiffs' property. *See* Dkt. 72 at 20. But Meritage's factual allegations, and all reasonable inferences therefrom, plausibly support its theory that runoff from the Boot Camp made its way to Blue Heron Cove. That is enough at the pleading stage. And because Meritage's allegations state that the Boot Camp's negligence caused or contributed to Plaintiffs' injury, its amended pleading sufficiently pleads a contribution claim. *See, e.g.*, *Coppock v. Doug's Corner, Inc.*, 2022 WL 4373506, at *4, 14 (E.D. Tex. Aug. 31, 2022) (denying motion to dismiss contribution claim against the manufacturer of a part that was installed in defendant's allegedly defective go-cart because that part allegedly "caused and/or contributed to Plaintiffs' injuries"), *adopted by* 2022 WL 4368495 (E.D. Tex.

Sept. 21, 2022). Nor will this Court consider Edwards Defendants' submission of and reliance on extrinsic materials at this stage.

Meritage has plausibly alleged a third-party contribution claim against the Boot Camp. The motion to dismiss is denied as to that entity.

3. Meritage has not adequately alleged alter ego.

With respect to the other Edwards Defendants, Meritage does not allege that 17700 Mail Route and Colin Edwards committed any wrongful acts. Instead, Meritage asserts that those defendants are the Boot Camp's alter egos. *See* Dkt. 77-1 at 4. Edwards Defendants argue that the alter ego allegations are deficient. *See* Dkt. 72 at 18, 25-26. They are right.

As a federal court sitting in diversity, this Court applies the choice-of-law principles of the forum state—here, Texas.[2] *Sorrels Steel Co. v. Great Sw. Corp.*, 906 F.2d 158, 167 (5th Cir. 1990). "Under Texas's choice-of-law rules, whether a corporation, LLC, or individual may be held liable pursuant to a veil-piercing theory is determined by the law of the state in which the entity is organized." *AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 385 (W.D. Tex. 2023) (quotation omitted); *see also, e.g., Kraemer v. RCLoft, LLC,* 2022 WL 17811964,

[2] Neither side cites case law supporting their position—much less analyzes what state's law should govern. By their silence, the parties have waived any challenge to choice-of-law. *See Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 747 (5th Cir. 2011) ("Failure to raise an argument before the district court waives that argument, including an argument for choice-of-law analysis.").

at *2 (S.D. Tex. Dec. 19, 2022), *adopted by* 2023 WL 35757 (S.D. Tex. Jan. 4, 2023). Meritage asserts that the Boot Camp is "a Texas limited liability company." Dkt. 77-1 at 4. So the Court looks to Texas law.

"Texas law permits courts to disregard the corporate fiction ... when the corporate form has been used as part of a basically unfair device to achieve an inequitable result." *CH Offshore, Ltd. v. Mexiship Ocean CCC S.A. de C.V.*, 163 F.4th 171, 185 (5th Cir. 2025) (quotation omitted). "Texas law applies alter ego by considering the 'total dealings,' to determine if there is 'such unity between the [parties] that the separateness of the corporation has ceased.'" *Id.* (quoting *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990)). Courts consider several factors, including: "common stock ownership, common directors, financing relationships between the parties, the subsidiary operating with inadequate capital, daily operations that are intertwined, and lack of observation of basic corporate formalities, such as keeping books and records and holding board meetings." *Id.* (collecting cases). "In making an alter ego determination, a court is concerned with reality and not form, [and with] how the corporation operated." *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006) (quotation omitted).

Meritage pleaded that the Edwards Defendants are each "'alter egos' of each other ...." Dkt. 77-1 at 4. As support, Meritage alleges that those third-party defendants (1) "agreed to and have paid the expenses of each other,"

(2) "commingled personal and corporate assets with each other," (3) "held themselves out as personally liable for the debts each other," (4) "failed to abide by … corporate formalities," (4) "are managed, owned and operated by one another," (5) "are not appropriately capitalized in a manner that would allow them to pay their individual or collective debts," and thus (6) "rely upon the revenues generated by each other and each of them to satisfy such debts …." *Id.* at 4-5.

Those allegations merely recite the alter ego factors—in rote fashion. Nowhere does Meritage articulate *specific facts* supporting those factors. Meritage's "formulaic recitation of the elements" of alter ego liability fails to satisfy federal pleading standards. *See Magee v. Varsity Brands Holding Co.*, 2025 WL 2534676, at *2 (N.D. Tex. Aug. 8, 2025) (quotation omitted) (dismissing alter ego allegations that one entity "maintains substantial control" over the other; shares employees; "does business as" the other; and "share[s] transactions" as too "factually bare"), *adopted by* 2025 WL 2533099 (N.D. Tex. Sept. 3, 2025), *aff'd*, 2026 WL 2263917 (5th Cir. July 27, 2026) (per curiam); *Proxi Healthcare Staffing LLC v. Curative Talent, LLC*, 2024 WL 779610, at *4 (N.D. Tex. Feb. 26, 2024) (assertions that one entity provided the other's "operating capital," paid the other's employees, and that the entities had "centralized accounting" failed to plausibly allege alter ego); *In re Parkcentral Glob. Litig.*, 2010 WL 3119403, at *10 (N.D. Tex. Aug. 5, 2010)

(same for alter ego allegations that "merely restate some elements of proof … without providing necessary factual allegations").

Meritage's alter ego allegations also fail to distinguish between the three Edwards Defendants. The pleading does not explain which combination of third-party defendant(s) was allegedly undercapitalized; who relied on whose revenue to pay the debts of the other(s); and who managed, owned or operated whom. *See* Dkt. 77-1 at 4-5. "[T]his type of group pleading fails to meet [] pleading requirements …." *See Gurganus v. Furniss*, 2016 WL 3745684, at *5 (N.D. Tex. July 13, 2016) (dismissing similarly deficient alter ego claims). And Meritage's allegations remain impermissibly vague and conclusory despite already amending its pleading once and obtaining some discovery.

Because Meritage does not allege any direct conduct by 17700 Mail Route, LLC or Colin Edwards, its failure to plausibly allege alter ego liability is fatal to recovery against those third-party defendants. All claims against 17700 Mail Route, LLC and Colin Edwards must be dismissed.

## Conclusion

It is **ORDERED** that Defendant/Third-Party Plaintiff Meritage Homes of Texas, LLC's motion for leave to amend (Dkt. 77) its third-party complaint is **GRANTED**.

It is further **ORDERED** that Third-Party Defendants Colin Edwards Texas Tornado Boot Camp, LLC; 17700 Mail Route, LLC; and Colin Edwards's motion to dismiss (Dkt. 72) be **GRANTED IN PART** and **DENIED IN PART**:

- The request to dismiss Meritage's indemnity and declaratory relief claims is **DENIED AS MOOT**;
- The request to dismiss alter ego and contribution claims against Colin Edwards and 17700 Mail Route is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE;**
- The request to dismiss the contribution claim against the Boot Camp is **DENIED**.

Signed on September 2, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge